UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES DAVID ROSS | CIVIL ACTION |
| VERSUS | NO. 16-2568 |
| DARRELL VANNOY | SECTION "R" (1) |

## ORDER AND REASONS

The Court has reviewed *de novo* the petition for *habeas corpus*, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections to the Magistrate Judge's Report and Recommendation. The Magistrate Judge's recommended ruling is correct and there is no merit to petitioner's objections.[1] Accordingly, the Court adopts the Magistrate Judge's Report and Recommendation as its opinion herein.

---

[1] Petitioner acknowledges that he failed to submit the necessary proof to support his claims, but argues that he should be granted an evidentiary hearing, which would allow petitioner to secure that evidence. The Magistrate Judge correctly rejects that argument. R. Doc. 12 at 16-17. In his objections to the Magistrate Judge's Recommendation, petitioner cites *Townsend v. Sain*, 372 U.S. 293 (1963), and *Jefferson v. Upton*, 560 U.S. 284 (2010), to again argue that he is entitled to an evidentiary hearing. R. Doc. 13 at 3-4. Both *Townsend* and *Jefferson* address evidentiary hearings for habeas claims filed before the passage of AEDPA, and have no relevance to habeas claims filed after AEDPA. *See Cullen v. Pinholster*, 563 U.S. 170 (2011). Therefore, they are of no help to petitioner here.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Id.* at 336. Petitioner has failed to meet these standards.

IT IS ORDERED that Ross's petition for *habeas corpus* is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __16th__ day of September, 2016.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE